UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAILANI FLINT, | ) | CASE NO. 1:19CV610 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCY HEALTH REGIONAL | ) | OPINION AND ORDER |
| MEDICAL CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Plaintiff Kailani Flint alleges various employment claims against Defendant Mercy Health Regional Medical Center, LLC based on events stemming from her pregnancy and termination. (Doc. 1). Defendant answered and moved for partial judgment on the pleadings on Counts Two, Three and Four. (Doc. 5). Plaintiff opposed and, in the alternative, requested leave to amend her Complaint. (Doc. 9). Defendant conceded Plaintiff's Amended Complaint would remedy Count Four but believed the proposed amendment would be futile as to Counts Two and Three. (Doc. 11). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES** Defendant's Motion for Judgment on the Pleadings.

**I. BACKGROUND FACTS**

Defendant employed Plaintiff as a pharmacy technician for approximately two years prior to Plaintiff's termination on August 22, 2018. (Doc. 1, 2).[1] At the time of her termination, Plaintiff was pregnant. (*Id.*).

Weeks before, on or about June 18, 2018, Plaintiff went to the emergency room after experiencing difficulties during her pregnancy. (Doc. 9-1, 94). She returned to work the next

---
[1] All citations to the record are formatted as follows: (Doc #, PageID #).

- 1 -

day claiming she could only work light duty. (*Id.*). On or about June 21, 2018, Plaintiff experienced more pain from her pregnancy. (*Id.*). She spoke with a representative of Defendant who advised Plaintiff to go home, apply for leave under the Family and Medical Leave Act[2] and gave Plaintiff the necessary paperwork to complete. (*Id.*).

In late July, Plaintiff's physician provided Defendant with Plaintiff's medical condition and light-duty work restrictions. (Doc. 1, 2). Despite the restrictions, Defendant refused to allow her to work light duty and did not try to accommodate her. (*Id.*). Defendant did however, accommodate other similarly-situated, non-pregnant employees with light-duty work restrictions. (Doc. 9-1, 97).

At some point in time, Defendant requested additional information but did not provide a deadline to comply with its request. (Doc. 1, 2). Nevertheless, Plaintiff informed Defendant she could not comply with its request until after her appointment with her doctor on August 14, 2018. (Doc. 9-1, 95). After this appointment, Plaintiff's doctor provided Defendant the additional information. (*Id.*).

On August 20, 2019, Defendant denied Plaintiff's request for FMLA leave from June 22, 2018 to April 18, 2019 based on Plaintiff's failure to return a certification form. (Doc. 1, 3). Two days later, and just over two months since Plaintiff's first pregnancy-related incident, Defendant terminated Plaintiff. (*Id.*).

Plaintiff filed her Complaint on March 19, 2019. (Doc. 1). On April 24, 2019, Defendant moved for partial Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 5). Plaintiff filed her Response and, in the alternative, moved to amend the

---

[2] Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (hereafter, "FMLA").

Complaint on June 28, 2019. (Doc. 9). On July 10, 2019, Defendant filed its Reply and Opposition to Plaintiff's Motion to Amend. (Doc. 11).

## II. LAW AND ANALYSIS

### A. Standard of Review

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). In this jurisdiction,

> [t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)…We construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.

*Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir. 2007) (citations omitted). The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998).

The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, 2016 WL 3217869, at *3 (N.D. Ohio June 10, 2016) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In other words, the complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'shown[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). While *Twombly* and *Iqbal* have set this plausibility standard, the Sixth Circuit "has cautioned against reading '*Twombly* and *Iqbal* so narrowly as to be the death of notice pleading…'" *Rhodes v. R & L Carriers, Inc.*, 491 Fed. App'x 579, 583 (6th Cir. Aug. 6, 2012) (quoting *Keys v. Humana,*

*Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys*, 684 F.3d at 610.

Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990). Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### B. FMLA Retaliation

Plaintiff has alleged a plausible claim for FMLA retaliation. In order to establish a FMLA retaliation claim, a plaintiff must demonstrate that:

> (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.

*Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006). It is a plaintiff's burden of demonstrating a causal connection. *Id.* Defendant argues Plaintiff has not pleaded a causal connection and thus her claim fails as a matter of law.

Plaintiff has demonstrated a causal connection due to the temporal proximity between her protected FMLA activity and her ultimate termination. The Sixth Circuit has "embraced the premise" that "close [temporal] proximity is deemed…to permit an inference of retaliation to arise" under the FMLA. *Seeger v. Cincinnati Bell Tele. Co., LLC*, 681 F.3d 274, 283-84 (6th Cir. 2012) (collecting cases holding same); *Mickey v. Zeilder Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ("temporal proximity between the events is significant enough to constitute

evidence of a causal connection for purposes of satisfying a prima facie case of retaliation");
*Bryson v. Regis Corp.*, 498 F.3d 561, 571 (6th Cir. 2007) (temporal proximity may constitute evidence of a causal connection).

Here, Plaintiff makes factual allegations that (1) she was on FMLA leave; (2) she requested additional leave under the Act; (3) Defendant denied her request; and (4) Defendant terminated Plaintiff. Moreover, all these factual allegations occurred in approximately two months; the denial of FMLA leave and ultimate termination occurring within a few days. These facts give rise to an inference that Defendant retaliated against Plaintiff for her use of FMLA.

Defendant's argument to the contrary—that temporal proximity ***by itself*** is insufficient—is not entirely without merit. The Sixth Circuit "has cautioned against 'drawing an inference of causation from temporal proximity alone.'" *Denton v. Fairfield Med. Cent.*, 2012 WL 2409224, at *4 (S.D. Ohio June 26, 2012) (quoting *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010)).[3] However, this directly conflicts with the Court's mandate at the pleading stage "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Rhodes*, 491 Fed. App'x at 583-84) (citing *Iqbal*, 556 U.S. at 678). Defendant's case law conflates a ruling on a motion to dismiss with one of summary judgment. Rather, Defendant's Motion requires consideration of different legally relevant factors. Given the stage of this litigation and the amount of case law that supports temporal proximity as establishing a prima facie case, Plaintiff has satisfied her burden in proving a causal connection.

---

[3] Defendant also cites numerous district court cases holding the same. However, many of these cases cite Sixth Circuit standards of law ***from the summary judgment stage***. As discussed, there is an important difference between the pleading and summary judgment stages. *See e.g.*, *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 754 F. Supp. 2d 128, 155 (D. Mass. 2010) ("A motion to dismiss addresses the plausibility of the claims in the complaint and assumes facts therein as true whereas a motion for summary judgment addresses whether genuine issues of material fact exist to support the claims. A different factual record and different standard of review govern summary judgment motions").

Therefore, Plaintiff has pleaded enough facts to allow the Court to make a reasonable inference that Defendant retaliated against Plaintiff for her use of FMLA. Accordingly, Plaintiff has demonstrated a plausible claim for FMLA interference.

### C. Pregnancy Discrimination

Plaintiff has also alleged a plausible claim for pregnancy discrimination under Ohio law.[4] To establish a prima facie case of pregnancy discrimination, "a plaintiff must show that: (1) she was pregnant; (2) she was qualified for the job; (3) she was subjected to an adverse employment decision; and (4) there is a nexus between her pregnancy and the adverse employment decision." *Asmo v. Keane, Inc.*, 471 F.3d 588, 592 (6th Cir. 2006) (citations omitted). Like its previous argument, Defendant argues Plaintiff did not plead a nexus between her pregnancy and the adverse employment decision.

The Court disagrees and holds Plaintiff has demonstrated a nexus due to temporal proximity. Temporal proximity can satisfy the nexus requirement in the pregnancy discrimination context. *Asmo*, 471 F.3d at 593 (citing cases finding same); *Pizzimenti v. Oldcastle Glass, Inc.*, 666 F. Supp. 2d 839, 846 (N.D. Ohio) (Zouhary, J.) (temporal proximity can establish a causal connection between the protected activity and the unlawful employment action).

Here, Plaintiff made factual allegations that 1) she was pregnant; 2) she could only work light-duty assignments; 3) Defendant did not allow her to work light-duty assignments; 4) Defendant allowed other, non-pregnant employees to work light-duty assignments; and 5) Defendant terminated Plaintiff roughly two months after her initial complications due to her pregnancy.

---

[4] Ohio Revised Code Section 4112.02(A) makes it unlawful for any employer to discriminate "because of sex." "Because of sex" includes pregnancy related discrimination. Ohio Rev. Code § 4112.01(B).

Again, Defendant does have some authority to support its position that temporal proximity alone is not enough. *See Asmo*, 471 F.3d at 600 (Griffin, J, dissenting) (earlier Sixth Circuit precedents "require us to hold that temporal proximity alone cannot establish the requisite causal nexus between the employee's protected…status and the adverse action"). However, the Court reiterates the procedural posture of this case—the pleading stage. The prima facie requirement "is not onerous." *Pizzimenti*, 666 F. Supp. 2d at 845 (quoting *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660 (6th Cir. 2000)). The pleading stage "is not meant to stymie plaintiffs, but simply serves to 'bring litigants and the court expeditiously and fairly to the ultimate question.'" *Id.* (quoting *Cline*, 206 F.3d at 660).

The Court is thus not willing to impose an 'onerous burden' on Plaintiff at this stage. For now, Plaintiff has pleaded enough facts to give rise to a plausible claim for pregnancy discrimination under Ohio law.

### D. Motion to Amend Complaint

Plaintiff may amend her Complaint. Federal Rule of Civil Procedure 15(a)(2) reads in part, "the court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 Fed. App'x 187, 190 (6th Cir. 2005) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001)).

Plaintiff's Amended Complaint is not futile. As Defendant concedes, the Amended Complaint remedies the perceived deficiencies with Count Four. And as discussed above, the Amended Complaint alleges facts that allow the Court to draw reasonable inferences in Plaintiff's favor. This satisfies the plausibility standard and thus survives a Rule 12(c) Motion. Accordingly, the Amended Complaint is not futile and justice requires the Court to grant Plaintiff's Motion to Amend.

### III. CONCLUSION

Plaintiff's Amended Complaint states a plausible claim for both FMLA retaliation and pregnancy discrimination. In her Amended Complaint, Plaintiff has alleged facts that have allowed the Court to make the inference that Defendant committed the alleged unlawful acts. This inference is based on the temporal proximity of the protected activity and Plaintiff's ultimate termination. Plaintiff's Motion to Amend is therefore **GRANTED** and Defendant's Motion is **DENIED**.

Plaintiff's Amended Complaint is deemed filed as of the date of this Order. Defendant shall therefore file its response to the Amended Complaint within fourteen days of this Order. FED. R. CIV. P. 15(a)(3).

**IT IS SO ORDERED.**

    s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 25, 2019**